**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JUDY TEDESCO,**

                **Plaintiff,**

**-vs-**                                              **Case No. 6:08-cv-1406-Orl-31DAB**

**ANDERSON-COLLINS, INC., f/k/a**
**Sanford-Orlando Kennel Club, Inc.,**
**COLLINS & COLLINS and JACK**
**COLLINS, JR.,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AND MOTION FOR DISMISSAL WITH PREJUDICE (Doc. No. 24)**
>
> **FILED:**      **June 8, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

At issue is review of the settlement agreement in this Fair Labor Standards Act case. In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of

FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

According to the papers filed, Plaintiff worked in various capacities for Defendant and claimed she was due unpaid overtime compensation, as well as liquidated damages and attorney's fees. Although Plaintiff claimed $13,500.00 (plus liquidated damages and fees) in her Interrogatories (Doc. No. 12), this recollection was at odds with the verified summary of the actual time records produced by Defendant. Counsel notes that the parties agreed to compromise the claim, based on her inability to recall the amount of overtime worked with sufficient certainty. According to the settlement terms, Plaintiff is to receive a total of $1,500.00, inclusive of any claim for liquidated damages, and counsel is to receive $3,500.00 in fees and costs.

While the amount Plaintiff is to receive is far less than originally claimed, in view of the proof issues and the strength of the actual time records, the Court finds the compromise to be a reasonable resolution of a bona fide FLSA dispute. As for attorney's fees, counsel has presented his time records and notes that the settlement offered is less than the actual time and costs spent on the case. The parties represent that the amount is fair and reasonable, and the Court agrees. As such, it is **recommended** that the amount be approved, provided that no part of Plaintiff's recovery be used to augment the fee allowance. *See Silva v. Miller,* 2009 WL 73164 (11th Cir. 2009) (unpublished).

It is therefore **respectfully recommended** that the motion be **granted,** the settlement as outline above be **approved,** and the case be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 15, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy